UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARQUIMEDES MARIO LEON
LOPEZ,

        Petitioner,

    v.                              Case No.:  2:26-cv-00906-SPC-NPM

MATTHEW MORDANT *et al.*,

        Respondents.

_____/

## OPINION AND ORDER

Before the Court are petitioner Arquimedes Mario Leon Lopez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Leon Lopez's reply (Doc. 10).

Leon Lopez is a native of Cuba who was paroled into the United States on February 7, 1995, and later became a lawful permanent resident. Leon Lopez was convicted of multiple crimes in 2006 and 2009, including petit theft, grand theft (twice), firearm possession by a felon, and burglary. He lost his resident status, and an immigration judge ordered him removed on March 24, 2010. Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Leon Lopez under an order of supervision on June 22, 2010, after 90 days in ICE detention.

On March 16, 2026, local law enforcement arrested Leon Lopez as part of an immigration enforcement action. He is currently detained at Alligator

Alcatraz.  Leon Lopez challenges the legality of his detention under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Administrative Procedures Act, the Immigration and Nationality Act, and its implementing regulations.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700–01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Leon Lopez's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Leon Lopez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him to Cuba in 2010, Cuba historically does not repatriate Cuban nationals in the U.S., and Leon Lopez is not covered by

recent repatriation agreements between Cuba and the U.S. What is more, ICE has made no attempt to remove Leon Lopez since his arrest in March. The burden thus shifts to the respondents, but they make no attempt at rebuttal. The Court finds no significant likelihood Leon Lopez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Leon Lopez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Arquimedes Mario Leon Lopez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Leon Lopez poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Leon Lopez may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record